OPINION. Leech, Judge,'-. The petitioners invoke the relief provisions of section 107 of the Internal Eevenue Code[1] and ask that the $38,000 in salary received during the taxable year 1944 be prorated over that and the preceding three years in computing the tax thereon. The record shows that petitioner Frederick H. Hagner received payment of $3,600 during the year 1941 from Archbold-Hagner, payments totaling $4,800 during each of the years 1942 and 1943, and payments totaling $4,400 for the year 1944. These payments were in addition to the $38,000 received by petitioner from the corporation in 1944 which he here seeks to prorate over that and the three preceding years. The prior payments at the rate of $400 per month were made for travel and living expenses of petitioner during that period. In so far as they were expended for travel expenses on behalf of the corporation, they did not represent compensation for services rendered by this petitioner. The record shows, however, that these amounts were included by the petitioner in his returns for the four years in question; that the deductions taken by him for expenses upon these returns were in a total amount of $5,117.12, the balance of $12,482.88 consisting of compensation received by him from Archbold-Hagner during those years; and that his total compensation from that source during those years was in the sum of $50,482.88. Eespondent argues, and petitioner does not dispute the conclusion, that the agreement of the corporation under the resolution set out in our findings for payment of a salary to petitioner of $1,000 per month was contingent upon Archbold-Hagner’s receiving income from its patents, and that consequently the amount of $38,000 paid to him in October, 1944, together with the monthly payments theretofore made to him by that corporation, constituted its total liability to him at the close of 1944 for services performed prior- to that time. Since section 107 (a) of the Internal Revenue Code applies only if 80 per cent of the total compensation for services performed is received in the taxable year, it is obvious that this section has no application, as the payment of $38,000 received by petitioner constitutes less than 80 per cent of the total compensation of $50,482.88 received in that and prior years. It is argued, however, by petitioner that the sum of $38,000 received in 1944 is subject to proration over the four-year period under the provisions of section 107 (d) of the Internal Revenue Code. Under this subsection, the back pay received during the taxable year is subject to proration if it exceeds 15 per cent of the gross income of the individual for such year. Here the amount of $38,000 did exceed 15 per cent of such income. The contested right of proration, therefore, rests upon whether this compensation falls within the definition of back pay under subsection (d) (2) (A) (i), (ii), (iii), or (iv). Manifestly it does not come within the description of (i), (ii), or (iii), as there was neither (i) bankruptcy or receivership of the employer, nor (ii) dispute as to the liability of the employer to pay such remuneration, nor (iii), was the employer the United States, a State, Territory, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any of the foregoing. The ultimate question, therefore, is whether the conditions with respect to the payment bring it under the provisions of subsection (iv), which allow the proration if payment was precluded by any other event similar in nature to those set out in subsections (i), (ii), and (iii). Such similarity is to be determined under regulations prescribed by the Commissioner. Respondent, by his supplement to Regulations 111, section 29.107-3, provides: “An event will be considered similar in nature to those events specified in section 107 (d) (2) (A) (i), (ii), and (iii) only if the circumstances are unusual, if they are of the type specified therein, if they operate to defer payment of the remuneration for the services performed, and if payment, except for such circumstances, would have been made prior to the taxable year in which received or accrued.” The circumstances delaying the receipt by petitioner of salary from Archbold-Hagner were undoubtedly “unusual,” and respondent does not argue otherwise. His contention is that they are in no way similar to the conditions specified in (i), (ii), and (iii). He argues that in Norbert J. Kenny, 4 T. C. 750, this Court went as far as could be justified in determining that the circumstances there were similar to restrictions imposed by a receiver. In that case the taxpayer was an officer of a corporation serving under a contract calling for a specified salary. The corporation wished to obtain a loan from the Reconstruction Finance Corporation, which imposed a condition that a portion of the taxpayer’s salary be retained and not paid to him until the loan was repaid by the corporation. In that case, although the restriction upon payment , was voluntarily accepted by the corporation and by the taxpayer, we held that, inasmuch as it was a restriction imposed by a Government agency, it was analogous to a restriction imposed by a receiver, and relief was granted under subsection (iv). We followed this decision in the case of James Newton Dean, 10 T. C. 672, where the restriction upon payment of a corporate salary was required by the Salary Stabilization Unit of the Bureau of Internal Revenue. Upon a careful examination of the facts disclosed in the present record, we believe that the restrictions here are more analogous to those in a receivership than the restrictions involved in the Kenny case, supra. There the restrictions were voluntarily accepted by the corporation and the taxpayer. In the present case, the only assets of Archbold-Hagner were certain patents. The restrictions imposed upon their use or employment by the corporation in deriving profit were mandatory. Here, as in a receivership, all of the corporation’s assets were in effect impounded by the Government for use by it or by the corporation only with the consent of the Government. The corporation could neither manufacture under its patents nor license others to manufacture. It was forced to sit and await the Government’s action. This it did, and was ultimately permitted to execute a contract with a Chicago manufacturer. This contractor was selected by the Government, and the contract negotiated was canceled latter by the Government for failure of the contractor to successfully perform. A further delay was caused. Finally, the Government itself contracted with the Mergenthaler Linotype Co. to manufacture sextants for it under the Archbold-Hagner patents, and separately negotiated a license agreement for the payment by the Government direct to Archbold-Hagner of agreed royalties for the use of such patents. The payment here in question was made by the corporation to the petitioner as accrued salary. It constituted practically the entire amount of the first payment by the Government to Archbold-Hagner of royalties under this contract. In these circumstances, we think that the situation imposed by the Government, under which it held the assets of the corporation and forbade their use, is more analogous to a receivership than those involved in either of the cited cases. Upon the authority of the Kenny and Dean cases, supra, we hold that this situation falls within subsection (iv). The petitioners are entitled to the relief sought. An issue raised by the petitioners with respect to respondent’s computation in applying the forgiveness feature of the Current Tax Payment Act was not mentioned at the hearing of the proceeding nor in the briefs filed by petitioners, and it is consequently considered as abandoned. Decisions will be entered under Rule 50. SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAX. (a) Personal Services. — If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual. ******* (d) Back Pat.— (1) In general.. — If the amount of the bach pay received or accrued by an individual during the taxable year exceeds 15 per centum of the gross income of the individual for such year, the part of the tax attributable to the inclusion of such back pay in gross income for the taxable year shall not be greater than the aggregate of the increases in the taxes which would have resulted from the inclusion of the respective portions of such back pay in gross income for the taxable years to which such portions are respectively attributable, as determined under the regulations prescribed by the Commissioner with the approval of the Secretary. (2) Definition of back pay. — For the purposes of this subsection, “back pay” means (A) remuneration, including wages, salaries, retirement pay, and other similar compensation, which is received or accrued during the taxable year by an employee for services performed prior to the taxable year for his employer and which would have been paid prior to the taxable year except for the intervention of one of the following events: (i) bankruptcy or receivership of the employer; (ii) dispute as to the liability of the employer to pay such remuneration, which is determined after the commencement of court proceedings ; (iii) if the employer is in the United States, a State, a Territory, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any of the foregoing, lack of funds appropriated to pay such remuneration; or (iv) any other event determined to be similar in nature under regulations prescribed by the Commissioner with the approval of the Secretary ; * * *